UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS GREENE, a.k.a. MARVELLOUS AFRIKAN WARRIOR,<br><br>Plaintiff,<br><br>v.<br><br>LAUREL OLVERA, et al.,<br><br>Defendants. | Case No. 1:16-cv-01605-LJO-MJS (PC)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER, FAILURE TO PROSECUTE, AND FAILURE TO STATE A CLAIM**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff Marcellus Greene, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action on October 26, 2016. (ECF No. 1.) On January 5, 2017, the Court screened the complaint and dismissed it for failure to state a claim. (ECF No. 7.) Plaintiff was directed to file a first amended complaint within thirty days. Id. Plaintiff was advised that failure to file an amended complaint would result in dismissal of Plaintiff's case. Id. Over thirty days passed and Plaintiff failed to file a first amended complaint, request an extension of time, or otherwise respond to the Court's order.

Accordingly, on February 27, 2017, the Court issued an order for Plaintiff to show cause within fourteen days why his action should not be dismissed for failure to obey a Court order. (ECF No. 10.) Over fourteen days have passed and Plaintiff has again failed to comply with or otherwise respond to the Court's order.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a

case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff proceeds in forma pauperis and is therefore most likely indigent, making monetary sanctions of little use.

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. This action is DISMISSED, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute.
2. The Clerk of the Court shall terminate any and all pending motions and CLOSE the case.

IT IS SO ORDERED.

Dated: **March 23, 2017**         **/s/ Lawrence J. O'Neill**
                                  UNITED STATES CHIEF DISTRICT JUDGE

3